# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN D. MABRY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>UNKNOWN,<br><br>　　　　　Defendants. | Case No. 2:18-cv-10706-JLS (AFM)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

On December 27, 2018, plaintiff, a state prisoner presently confined at the North Kern State Prison filed a Complaint (ECF No. 1) in this *pro se* civil rights action. Plaintiff subsequently submitted several documents that the Court has construed as supplements to the original Complaint. (ECF Nos. 12, 13, 14, 15.) The documents filed by plaintiff do not name any specific individuals as defendants and do not appear to seek any relief against any defendant. Instead, plaintiff requests that the Court "investigate" a number of vaguely described incidents, including alleged assault by Long Beach Police and Fire Departments in 2016-18, plaintiff's court martial in the U.S. Army in 2006, his sentencing and probation for criminal offenses in Long Beach, and alleged discrimination by a variety of individuals and entities.

The Court has screened the Complaint prior to ordering service for purposes of determining whether the action is frivolous or malicious; or fails to state a claim

on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c)(1). The Court's screening of the pleading under the foregoing statutes is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *see also Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (when determining whether a complaint should be dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2), the court applies the same standard as applied in a motion to dismiss pursuant to Rule 12(b)(6)). In determining whether the pleading states a claim on which relief may be granted, its allegations of material fact must be taken as true and construed in the light most favorable to plaintiff. *See Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1990). However, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Nor is the Court "bound to accept as true a legal conclusion couched as a factual allegation." *Wood v. Moss*, 134 S. Ct. 2056, 2065 n.5 (2014) (citing *Iqbal*, 556 U.S. at 678). Rather, a court first "discounts conclusory statements, which are not entitled to the presumption of truth, before determining whether a claim is plausible." *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1129 (9th Cir. 2013). Then, "dismissal is appropriate where the plaintiff failed to allege enough *facts* to state a claim to relief that is plausible on its face." *Yagman v. Garcetti*, 852 F.3d 859, 863 (9th Cir. 2017) (internal quotation marks omitted, emphasis added).

Further, since plaintiff is appearing *pro se*, the Court must construe the allegations of the pleading liberally and must afford plaintiff the benefit of any doubt. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); *see also Alvarez v. Hill*, 518 F.3d 1152, 1158 (9th Cir. 2008) (because plaintiff was proceeding *pro se*, "the district court was required to 'afford [him] the benefit of any doubt' in ascertaining what

claims he 'raised in his complaint'") (alteration in original). However, the Supreme Court has held that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted, alteration in original); *see also Iqbal*, 556 U.S. at 678 (To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (internal citation omitted)).

In addition, Fed. R. Civ. P. 8(a) ("Rule 8") states:

> A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

(Emphasis added). Further, Rule 8(d)(1) provides: "Each allegation must be simple, concise, and direct." Although the Court must construe a *pro se* plaintiff's pleadings liberally, a plaintiff nonetheless must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. *See, e.g., Brazil v. United States Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991) (a complaint must give defendants fair notice of the claims against them). If a plaintiff fails to clearly and concisely set forth factual allegations sufficient to provide defendants with notice of which defendant is being sued on

which theory and what relief is being sought against them, the pleading fails to comply with Rule 8. *See, e.g., McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996); *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981). A claim has "substantive plausibility" if a plaintiff alleges "simply, concisely, and directly [the] events" that entitle him to damages. *Johnson v. City of Shelby, Miss.*, 135 S. Ct. 346, 347 (2014). Failure to comply with Rule 8 constitutes an independent basis for dismissal of a pleading that applies even if the claims are not found to be wholly without merit. *See McHenry*, 84 F.3d at 1179; *Nevijel*, 651 F.2d at 673.

Since plaintiff is a *pro se* litigant, the Court must construe the allegations of the Complaint liberally and must afford plaintiff the benefit of any doubt. That said, the Supreme Court has made clear that the Court has "no obligation to act as counsel or paralegal to *pro se* litigants." *Pliler v. Ford*, 542 U.S. 225, 231 (2004). Further, plaintiff's Complaint must be adequate to meet the minimal requirement of Rule 8 that a pleading set forth sufficient factual allegations to allow each defendant to discern what he or she is being sued for. *See McHenry*, 84 F.3d at 1177; *see also Twombly*, 550 U.S. at 555 ("[f]actual allegations must be enough to raise a right to relief above the speculative level"). In addition, the Supreme Court has held that, while a plaintiff need not plead the legal basis for a claim, the plaintiff must allege "simply, concisely, and directly events" that are sufficient to inform the defendants of the "factual basis" of each claim. *Johnson*, 135 S. Ct. at 347. Here, plaintiff's Complaint fails to set forth a simple and direct statement of the factual basis of any claim that is sufficient to allow any defendant to discern what he or she is being sued for.

Following careful review of the Complaint (and associated supplements), the Court finds that it fails to name any specific defendant and fails to comply with Rule 8 because it fails to state a short and plain statement of each claim that is sufficient to give a defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. In addition, the allegations in the Complaint appear insufficient to

state any claim upon which relief may be granted.

Plaintiff's Complaint violates Rule 8. First, it fails to name any specific defendant and fails to state any particular relief that is being sought. It is insufficient for plaintiff to allege that he wants the Court to investigate certain activities. It is not clear to the Court if plaintiff is purporting to raise any claims against any individuals or entities named in the Complaint. Some allegations in the Complaint are largely unintelligible and confusing. Through his original filing and supplements, plaintiff has raised a number of alleged incidents that he wants the Court to investigate, but he does not link his unclear factual allegations to specific claims against any specific defendants. Therefore, plaintiff's pleading fails to set forth a minimum factual or legal basis for any claim that is sufficient to give a defendant fair notice of plaintiff's claims and the grounds upon which they rest.

In addition, plaintiff's Complaint fails to set forth any factual allegations showing that an individual or entity took any action, participated in another's action, or omitted to perform an action that he or she was legally obligated to take that caused a constitutional deprivation. In order to state a federal civil rights claim against a particular defendant, plaintiff must allege that a specific defendant, while acting under color of state law, deprived him of a right guaranteed under the Constitution or a federal statute. *See West v. Atkins*, 487 U.S. 42, 48 (1988). "A person deprives another 'of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that *causes* the deprivation of which [the plaintiffs complains].'" *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (emphasis and alteration in original)). Further, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." *Iqbal*, 556 U.S. at 676. Accordingly, plaintiff must allege that each defendant "through the official's own individual actions, has violated the Constitution." *Id*. at 676-77 ("each

Government official, his or her title notwithstanding, is only liable for his or her own misconduct").

To the extent that plaintiff is seeking to overturn a criminal conviction or sentence via this action, a petition for habeas corpus is a prisoner's sole judicial remedy when attacking "the validity of the fact or length of . . . confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 489-90 (1973); *Young v. Kenny*, 907 F.2d 874, 875 (9th Cir. 1990). Plaintiff may not use a civil rights action such as this to challenge the validity or duration of his conviction or incarceration. That relief is available only in a habeas corpus action. In addition, to the extent that plaintiff is seeking damages for an allegedly unlawful conviction, his claims are not cognizable in a civil rights action unless and until plaintiff can show that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

Plaintiff is admonished that he must comply with the Local Rules regarding the format of a pleading, such as L.R. 11-3.2, which requires that the lines on each page be numbered and that no more than 28 lines of double-spaced text be on each page. Irrespective of his *pro se* status, plaintiff must comply with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Central District of California. *See, e.g., Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 382 (9th Cir. 1997) ("*pro se* litigants are not excused from following court rules"). Similarly, plaintiff must sign and date his pleading, if he decides to file a First Amended Complaint. (*See* L.R. 11-1.) Finally, plaintiff must comply with Fed. R. Civ. P. 10, which requires that the caption of a pleading include all defendants listed in the body of the pleading. Here, the caption of the Complaint does not list any specific defendants by name.

For these reasons, the Court finds that plaintiff's Complaint violates Rule 8

and fails to state a claim against any defendant upon which relief may be granted because it fails to set forth a simple, concise, and direct statement of the factual basis of each of plaintiff's claims. Accordingly, the Complaint is dismissed with leave to amend. *See Rosati*, 791 F.3d at 1039 ("A district court should not dismiss a *pro se* complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotation marks omitted). If plaintiff wishes to pursue a federal civil rights claim against any defendant, then plaintiff should set forth a short and plain statement of each such claim showing that each defendant took a specific action, participated in another's action, or omitted to perform an action that caused each alleged constitutional deprivation.

\*\*\*\*\*\*\*\*\*\*\*\*

**If plaintiff desires to pursue this action, he is ORDERED to file a First Amended Complaint no later than March 5, 2019, remedying the deficiencies discussed below.** Further, plaintiff is admonished that, if he fails to timely file a First Amended Complaint, or fails to remedy the deficiencies of this pleading as discussed herein, the Court will recommend that this action be dismissed without leave to amend and with prejudice.[1]

The clerk is directed to send plaintiff a blank Central District civil rights complaint form, which plaintiff is encouraged to utilize. Plaintiff is admonished that he must sign and date the civil rights complaint form, and he must use the space

---

[1] Plaintiff is advised that this Court's determination herein that the allegations in the Complaint are insufficient to state a particular claim should not be seen as dispositive of that claim. Accordingly, although this Court believes that you have failed to plead sufficient factual matter in your pleading, accepted as true, to state a claim to relief that is plausible on its face, you are not required to omit any claim or defendant in order to pursue this action. However, if you decide to pursue a claim in a First Amended Complaint that this Court has found to be insufficient, then this Court, pursuant to the provisions of 28 U.S.C. § 636, ultimately may submit to the assigned district judge a recommendation that such claim be dismissed with prejudice for failure to state a claim, subject to your right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

7

provided in the form to set forth all of the claims that he wishes to assert in a First Amended Complaint.

In addition, if plaintiff no longer wishes to pursue this action, he may request a voluntary dismissal of the action pursuant to Federal Rule of Civil Procedure 41(a). The clerk also is directed to attach a Notice of Dismissal form for plaintiff's convenience.

**Plaintiff is further admonished that, if he fails to timely file a First Amended Complaint, or if he fails to remedy the deficiencies of this pleading as discussed herein, the Court will recommend that the action be dismissed with prejudice on the grounds set forth above and for failure to diligently prosecute.**

Finally, the Court has previously informed plaintiff that his Request to Proceed Without Prepayment of Filing Fees, dated January 11, 2019, cannot be granted because he has not submitted a signed the Prisoner Authorization and a certified copy of his institutional trust account statement for the last six months. (ECF Nos. 4, 9.) **The Clerk is again directed to send to plaintiff Form 60P. If plaintiff fails to submit the $400 filing fee or the documentation described above by March 5, 2019, this action will be subject to dismissal.**

**IT IS SO ORDERED**.

DATED: 1/31/2019

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE

Attachments:  Civil Rights Complaint (Form CV-066)
              Notice of Dismissal Form (CV-009)
              Request to Proceed Without Prepayment of Filing Fees (Form CV60P)